**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FELICIA EDWARDS<br>311 1/2 Roberts Street<br>Pittsburgh, PA 15219<br><br>Plaintiff,<br><br>v.<br><br>REFORMED PRESBYTERIAN HOME<br>2344 Perrysville Avenue<br>Pittsburgh, PA 15214<br><br>Defendant | JURY DEMANDED<br><br>No. 2:23-cv-919 |

**CIVIL ACTION COMPLAINT**

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Felicia Edwards, is an adult individual residing at the above address.

2. Defendant, Reformed Presbyterian Home is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

3. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. Ms. Edwards exhausted her administrative remedies pursuant to the Equal Employment Opportunity. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA") and applicable federal and state laws.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Edwards was working for Defendant in the Western District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

8. Ms. Edwards' date of birth is December 17, 1972 and she is currently 50 years of age.

9. On or about October 23, 2021, Reformed Presbyterian Home ("Defendant") hired Ms. Felicia Edwards ("Plaintiff") as a medical technician / personal care aid.

10. Ms. Edwards performed all duties asked of her without any complaints or issues.

11. When Ms. Edwards was hired, she was told by the administrator that the residents were independent and only required some assistance. Twenty of the thirty-two patients had Alzheimer's and as a result, suffered from significant cognitive impairment.

12. Most of the residents required skilled nursing which included, changing them at least three times per shift including clothes. Ms. Edwards could not possibly provide adequate care alone to thirty-two patients/residents. Plus, she was expected by Defendant to do the housekeeping and the patient's laundry.

13. The director of personal care, Jason Dolby was a pill addict. The administrator, Cara Todhunter knew about Jason's addiction. Even though Ms. Todhunter knew about Mr. Dolby's addiction, she would still reprimand the employees and blame them when medication went missing.

14. The employees would report to Ms. Todhunter that it was Mr. Dolby who was stealing the medication. Then, Mr. Dolby would write these employees up in retaliation for reporting him.

15. Mr. Dolby would say to Ms. Edwards, "maybe you are tired because you are too old for this job. It is a job for young people because it is so intense".

16. On or around December 14, 2021, Ms. Edwards was still dealing with working with no help. She emailed Ms. Todhunter about not having enough staff and about what Mr. Dolby had said to her. In retaliation, Mr. Dolby wrote Ms. Edwards up.

17. On or around December 23, 2021, Ms. Edwards refused to work alone. So, she was terminated and sent home.

18. As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**ADEA CLAIM - DISCRIMINATION**
**(29 U.S.C. § 621 et seq.)**

19. Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

20. At set forth above, Plaintiff's status as a female over the age of forty (40) places her in a protected class.

21. Defendant took adverse action against Plaintiff by terminating her employment.

22. Plaintiff's membership in a protected class, age, was the sole factor in Defendant's decision to discriminate against, harass and terminate Plaintiff's employment.

23. Upon information and belief, subsequent to her termination, Plaintiff's job duties were subsumed by a younger employee.

24. As such, Defendant's decision to terminate Plaintiff's employment on account of her age is an action prohibited by the Age Discrimination in Employment Act. 29 U.S.C.A. § 623(a)(1).

25. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

26. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

27. Pursuant to the ADEA, 29 U.S.C. § 621, et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT II**
**ADEA - RETALIATION**
**42 U.S.C.A. § 2000e-2(a)**

28. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

29. At set forth above, Plaintiff made complaints about age discrimination and harassing conduct in workplace and as such, Plaintiff was engaged in protected activity under the ADEA.

30. Defendant took adverse action against Plaintiff by terminating her employment.

31. As set forth above, Plaintiff's participation in protected activity was the cause of Defendant's decision to terminate her employment.

32. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the ADEA.

33. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

34. As a result of the conduct of Defendant's management, Plaintiff demands punitive damages.

35. Pursuant to the ADEA, Plaintiff demands attorneys' fees and court costs.

## COUNT III
## UNLAWFUL DISCRIMINATION BASED ON AGE IN VIOLATION OF THE PHRA

36. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

37. At all times material hereto, Plaintiff was greater than forty (40) years of age, thereby a member of the class protected by the PHRA.

38. At all times, Plaintiff was qualified to perform the work for which she was hired by Defendant.

39. Upon information and belief, subsequent to her termination, Plaintiff's job duties were subsumed by a younger employee.

40. As set forth above, Plaintiff was treated less favorably than other younger employees because she was the target of negative, age-related comments.

41. As set forth above, Defendant terminated Plaintiff's employment.

42. Plaintiff's age was the reason for Defendant treating her less favorably than other younger employees and for terminating her employment.

43. As such, Defendant's actions constitute violations of the PHRA.

44. Defendant acted intentionally and willfully.

45. Any non-discriminatory reason(s) offered by Defendant for its actions is pretextual.

46. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

47. Pursuant to the PHRA, Plaintiff demands attorneys' fees and court costs.

**COUNT IV**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**RETALIATION**
**(43 P.S. § 951, *et. seq.*)**

48. Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

49. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

50. Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

51. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

52. Defendant's termination of Ms. Edwards's employment constituted retaliation for engaging in protected activity by objecting to harassment that she was receiving while employed by Defendant and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

53. As a proximate result of Defendant's conduct, Ms. Edwards sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Edwards has also sustained work loss, loss of opportunity and a permanent diminution of his earning power and capacity and a claim is made therefore.

54. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Ms. Edwards demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Felicia Edwards, demands judgment in her favor and against Defendant, Reformed Presbyterian Home, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: */s/ Mary LeMieux-Fillery, Esq.*

**MARY LEMIEUX-FILLERY, ESQUIRE** (PA I.D. 312785)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0132
Fx: 215-944-6124
*Attorney for Plaintiff, Felicia Edwards*

Date: 6/01/2023

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

05/30/2023
(Date Signed)

Electronically Signed 2023-05-30 21:21:04 UTC - 172.59.136.87
Felicia Edwards
Nintex AssureSign® 1095b1e5-402a-4b8f-a6e1-b01201035c08
Felicia Edwards